IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

BOB DEAN LANE,                )
                              )
        Plaintiff,        )   Civil Case No. 07-6054-KI
                              )
vs.                           )   OPINION AND ORDER
                              )
LANE COUNTY JAIL and SUE STAHL, )
                              )
        Defendants.       )
                              )

    Bob Dean Lane
    P.O. Box 1149
    Eugene, Oregon  97440

        Pro Se Plaintiff

    Liane I. Richardson
    Lane County Office of Legal Counsel
    125 East Eighth Avenue
    Eugene, Oregon  97401

        Attorney for Defendants

Page 1 - OPINION AND ORDER

KING, Judge:

Plaintiff Bob Dean Lane filed this action alleging that Sue Stahl, Jail Records Supervisor for the Lane County Sheriff's Office, violated his constitutional rights when she did not correctly calculate his release date from the county jail.  Before the court is Defendant's Motion for Summary Judgment (#18).  For the following reasons, I grant the motion and dismiss Lane's claim with prejudice.

**FACTS**

On April 7, 2005,[1] Lane was lodged in the jail on case # 23-09-03120, # 20-03-22437, and # 20-05-06488.  On April 25, he was sentenced to six months in custody on each case, concurrent with other sentences and with credit for time served.

On April 27, Lane was lodged on a fourth case, # 20-05-808424, and sentenced the same day to six months in custody, concurrent with other sentences, with credit for time served.

On April 29, Lane was inadvertently released from the jail.

On May 2, Lane was booked into jail on a new charge, # 20-05-08998, for conduct the same day.  That case is the one in which Lane contends he was held too long.

On May 27, Lane was sentenced on # 20-05-08998 to six months in custody, concurrent with other sentences, with credit for time served.  Lane received credit for the time he spent in custody on # 20-05-08998 from May 2 through the sentencing date of May 27.  His release date was computed to be October 11, 2005 and he was actually released from custody on September 23.

---

[1] All dates are in 2005.

**LEGAL STANDARDS**

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the evidence is viewed in the light most favorable to the nonmoving party. Universal Health Services, Inc. v. Thompson, 363 F.3d 1013, 1019 (9th Cir. 2004).

**DISCUSSION**

Lane alleges that he should have been released from jail in the last case, # 20-05-08998, when the sentences expired on the earlier cases # 23-09-03120, # 20-03-22437, and # 20-05-06488. Thus, Lane calculates that he spent 25 extra days in jail.

Lane misunderstands the meaning of concurrent sentences. If concurrent sentences worked as he thinks, Lane would have been receiving credit in the last case, # 20-05-08998, as of April 7, which is 25 days before he even committed that crime. Although the sentences can run together, a defendant gets credit for time served on each sentence beginning on the arrest date for that crime, generally speaking. Thus, the sentences typically expire on different dates except when a defendant is arrested and jailed on multiple cases on the same day. Lane was not held too long in the jail.

Page 3 - OPINION AND ORDER

## CONCLUSION

Defendant's Motion for Summary Judgment (#18) is granted. This action is dismissed with prejudice.

IT IS SO ORDERED.

Dated this      2nd       day of September, 2008.

                                            /s/ Garr M. King
                                          Garr M. King
                                          United States District Judge